THE COMMERCIAL BANK OF NEW ORLEANS *v.* ALBERT STEIN.

Where in an action to recover possession of plans, books, &c., there is a verdict for the restoration of certain plans and books, and in default thereof, condemning the defendant to pay a fixed sum, a new trial must be allowed that the verdict may determine what sum shall be paid on failure to deliver each particular plan or book.

APPEAL from the District Court of the First District, *Buchanan*, J.

MARTIN, J. The petition states that the defendant, who was heretofore employed by the plaintiffs as an engineer, and superintendent of the works erected by them, for supplying the city of New Orleans with water, retains a number of plans, maps, and estimates made by him, or by persons employed under him by the plaintiffs, which are indispensable to them for continuing the said works, and a number of books and papers relating to the said works, as well as a quantity of pipes, implements, and materials, their property, and refuses to deliver them to the plaintiffs, or to his successor in office, the whole of which are of the value of forty thousand dollars. The petition concludes with a prayer that the defendaut may be condemned to deliver the same to them, or pay the said sum. The defendant pleaded the general issue. The case was tried by a jury, who rendered a verdict against the defendant, for the delivery of ;.

*First.* A large plan or map of the city, showing the streets in which pipes have been laid, and their calibre.

*Second.* A book, or books of plans, showing the size of pipes laid in each street, and the exact termination of the pipes from the termination of the square, &c.

*Third.* An invoice book, in which are recorded all contracts for pipes imported for the bank, &c.

*Fourth.* An inventory of the pipes remaining on hand, at the defendant's resignation.

*Fifth.* An account of all pipes laid, their sizes, and where laid, up to the same period. In default of the said delivery, the verdict declared that the plaintiffs should recover from the defendant the sum of eight thousand dollars. The court gave judgment according to the verdict, and the defendant, after an unsuccessful

attempt to obtain a new trial, has appealed. The court, in our opinion, erred, in refusing the new trial, principally on the ground of the jury having neglected to divide the sum, which the defendant should pay, in case he did not deliver all the five articles aforesaid, into five sums, one or more of which, the defendant should pay in case he failed to deliver one or more of the said five articles. The jury ought to have said that in case the defendant failed to deliver the first article he should pay such a sum, and so on. It appears from the record that some of the books and documents claimed, and the delivery of which the verdict directs, were brought into court and used as evidence by the plaintiffs' counsel. The evidence does not show that the large plan or map of the city, which is the object of the first article, was ever executed. It appears only that it was begun.

Justice requires that the case should be remanded for a new trial, in order that, if the defendant·be mulcted in damages, on account of the improper detention of any one of the articles claimed, he may not be mulcted (as by the present verdict he is,) as heavily as for the improper detention of all of them.

It is therefore ordered and decreed, that the judgment be annulled and reversed, the verdict set aside, and the case remanded for further proceedings according to law; the plaintiffs. and appellees paying the costs of the appeal.

*Canon* and *Eustis*, for the plaintiffs.

*Hoffman* and *Grimes*, for the appellant.

